UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MYOSHI SNEARL**                                                                **CIVIL ACTION**

**VERSUS**

                                                      **NO. 21-266-SDD-SDJ**

**CRETE CARRIER CORPORATION, ET AL**

      Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on November 22, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MYOSHI SNEARL                                             CIVIL ACTION

VERSUS

                                                                       NO. 21-266-SDD-SDJ

CRETE CARRIER
CORPORATION, ET AL

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is a *Motion to Remand* filed by Plaintiff, Myoshi Snearl.[1] Defendants, Crete Carrier Corporation and Hartford Insurance Company ("Removing Defendants"), oppose the motion.[2] The Removing Defendants have not established the requisite amount in controversy, and it is recommended[3] that this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**I.  BACKGROUND**

This is a civil action involving claims for damages allegedly sustained by Plaintiff during a motor vehicle collision that occurred on April 20, 2020.[4] Plaintiff claims that she was traveling "east in the far-right lane on Louisiana Interstate 10" when "Eric J. Spadapora was operating a Crete truck…[and] illegally & without warning steered/veered the large diesel truck into the right lane of traffic which Plaintiff was lawfully occupying."[5] Plaintiff also alleges that at the time of

---

[1] R. Doc. 3.
[2] R. Doc. 4.
[3] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.")
[4] *See, generally*, R. Doc. 1-2.
[5] *Id*. at ¶¶ 4-6.

the collision: (1) Eric Spadafora was employed by Crete Carrier Corporation, (2) Hartford Insurance Company issued a policy of insurance that provided coverage to Crete and Spadafora for the collision,[6] and (3) Progressive Paloverde Insurance Company issued a uninsured/underinsured motorist policy that provided coverage to Plaintiff for the collision.[7] On December 15, 2020, Plaintiff filed a Petition for Damages against Crete, Spadafora, Hartford, and Progressive in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[8] Plaintiff claims that she suffered personal injuries and lost wages because of the collision caused by the negligence of Spadafora and Crete.[9] The Removing Defendants filed a *Notice of Removal* on May 7, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[10] The *Notice of Removal* makes it clear that all parties are completely diverse.[11] Plaintiff filed a *Motion to Remand* on May 19, 2021, contending the requisite $75,000 amount in controversy is not satisfied.[12]

## II.    LAW AND ANALYSIS

### A.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[13] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and

---

[6] *Id*. at ¶ 10.
[7] *Id.* at ¶ 11.
[8] *Id*.
[9] *Id*. at ¶¶ 8-9.
[10] R. Doc. 1.
[11] Plaintiff is a citizen of Louisiana (R. Doc. 1-2); Crete is a citizen of Nebraska (R. Doc. 1); Hartford is a citizen of Delaware and Connecticut (R. Doc. 1); Spadafora is a citizen of Florida (R. Doc. 1); Progressive is a citizen of Indiana and Ohio (R. Doc. 1).
[12] R. Doc. 3.
[13] 28 U.S.C. § 1441(a).

costs."[14] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[15] The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand.[16] The removing party has the burden of proving federal diversity jurisdiction.[17] Remand is proper if at any time the court lacks subject matter jurisdiction.[18]

### B. Amount in Controversy

The Petition generally alleges that Plaintiff suffered lost wages and personal injuries. Plaintiff seeks the following damages: "past medical expenses, lost wages, future medical expenses, future loss of earning capacity, pain and suffering, and loss of enjoyment of life."[19]

In the *Notice of Removal*, the Removing Defendants concede, "whether Plaintiff's claims exceed $75,000 is not necessarily facially apparent from the Petition alone."[20] However, the Removing Defendants argue "the factual details of Plaintiffs injuries and medical treatment, coupled with the Petition's allegations of damages, provide sufficient information to establish that Plaintiff's claims exceed the $75,000 amount-in-controversy threshold by a preponderance of the evidence."[21] Specifically, the Removing Defendants rely heavily on Plaintiff's medical records, which indicate, "Plaintiff has suffered, and continues to suffer from, neck and back pain, with radicular right leg pain; that she has undergone injections to her lumbar spine, including an epidural

---

[14] 28 U.S.C. § 1332(a)-(a)(1).
[15] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[16] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (*quoting In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).
[17] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[18] *See* 28 U.S.C. § 1447(c).
[19] *Id*. at ¶ 7.
[20] R. Doc. 1, ¶ 19.
[21] *Id.*

3

steroid injection and two medial branch blocks; and that she has received at least one lumbar radiofrequency ablation…[f]urthermore, Plaintiff continues to treat for her alleged injuries-over one year post-accident-with an orthopedic spine surgeon and pain management physician."[22] The Removing Defendants assert that Plaintiff's medical expenses amount to $28,281.20 through February 4, 2021.[23] Additionally, the Removing Defendants argue Plaintiff "refused to admit that her claims did not exceed $75,000."[24] The Removing Defendants also rely upon Plaintiff's failure to include a La. Code Civ. P. art. 893 allegation in her Petition. The Removing Defendants include in the *Notice of Removal* a list of Louisiana cases with damage awards they contend demonstrate the amount in controversy exceeds $75,000. The *Notice of Removal* does not include evidence that a settlement demand has been tendered or that surgery has been recommended for any of Plaintiff's injuries.

C. **The Removing Defendants Fail to Establish, by a Preponderance of the Evidence, that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs**

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[25] When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[26] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[27] Once a removing defendant has

---

[22] R. Doc. 1, ¶ 21. The *Notice of Removal* lists details from Plaintiff's medical records in ¶ 20.
[23] *Id*.
[24] *Id.* at ¶ 23.
[25] La. Code Civ. P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[26] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).
[27] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

4

established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[28]

As the Removing Defendants point out, it is not facially apparent from the Petition that Plaintiff's claims likely exceed the federal jurisdictional amount.[29] There are no allegations of specific injuries. Plaintiff's demands for general categories of damages (*e.g.*, pain and suffering, medical expenses, lost wages, loss of income earning capacity, and/or loss of enjoyment of life, etc.),[30] are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[31] Further, the Petition does not provide any information regarding Plaintiff's claimed medical expenses, lost wages, property damage, etc. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[32] Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

---

[28] *De Aguilar*, 47 F.3d at 1412.
[29] R. Doc. 4, p. 4. *See also* R. Doc. 1, ¶ 19.
[30] R. Doc. 1-2, ¶ 7.
[31] *Davis v. JK & T Wings, Inc.*, 2012 WL 278728, *3 (M.D. La. Jan. 6, 2012) and cases cited therein.
[32] *Broadway v. Wal-Mart Stores, Inc.*, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (*citing Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)). *See also Torres v. Mall of Louisiana, LLC*, 2017 WL 6884347, at *3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages. Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, 2017 WL5762436, at *3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (*quoting Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).

Since it is not facially apparent from the Petition that Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether the Removing Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. Regarding summary judgment-type evidence, the Removing Defendants rely almost exclusively on Plaintiff's medical records.[33] However, Plaintiff's medical records do not establish, by a preponderance of the evidence, that the amount in controversy is met.

The Plaintiff's medical records indicate her diagnoses include prolapsed cervical disc, lumbar disc degeneration, lumbar facet joint arthropathy, lumbar radiculopathy, and lumbar spondylosis. The Plaintiff's treatment has involved physical therapy, a L5-S1 epidural steroid injection, 2 medial branch blocks, and a rhizotomy. The records show Plaintiff incurred $28,281.20 in medical expenses prior to removal.[34] The medical records contain little information about Plaintiff's prognosis and recommended future treatment. Plaintiff's last visit to Dr. Jorge Isaza on January 29, 2021, indicated that she was continuing to work.[35] None of the medical records include a recommendation for surgical intervention.

Even for herniated discs, "[t]his court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended."[36] "Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the

---

[33] *See, generally*, R. Docs. 1, 4. The summary judgment-type evidence submitted in support of removal, which is attached to the Notice of Removal, includes: (1) Plaintiff's Petition; (2); judgments from jury and bench trials at the 19th Judicial District Court for the Parish of East Baton Rouge; and (3) Plaintiff's responses to Requests for Admission.
[34] R. Doc. 1-3.
[35] *Id.* at. p. 54
[36] *Thomas v. Louis Dreyfus Commodities, LLC,* 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016) *citing Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011).

amount in controversy requirement when balanced with other factors in the record."[37] There is nothing in the record indicating that Plaintiff was recommended for surgery at the time of removal. In summary, the limited summary judgment-type evidence relating to Plaintiff's injuries, standing alone, is insufficient to meet the jurisdictional threshold. Furthermore, while the Petition demands "lost wages" and "loss of earning capacity,"[38] there is no evidence of the amount of Plaintiff's lost wages or inability to work or how many days of work she missed, if any. Indeed, Plaintiffs medical records indicate that she continued to work after the accident.[39]

The Removing Defendants' argument that the jurisdictional amount is met based on past Louisiana damage awards fails. A simple recitation of cases where plaintiffs have been awarded damages that would exceed the federal jurisdictional amount are not sufficient to establish the amount in controversy.[40] Other damages awards based on highly individualized facts and determined after a trial on the merits are insufficient to establish that, based on the jurisdictional facts that existed here at the time of removal, subject matter jurisdiction exists. The Removing Defendants 'must do more than merely show that plaintiff could recover more than the jurisdictional amount' to satisfy their burden. Rather, the [Removing Defendants] must point to facts *in this case* that establish that the actual amount in controversy exceeded $75,000.[41] Despite the Removing Defendants' argument that similar injuries could potentially bring the amount in

---

[37] *Thomas*, 2016 WL 1317937 at *4: "*See, e.g., Hebert v. Hanco Nat. Ins. Co.*, No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff 'suffers from a herniated disc, without any recommendation for surgery' and the plaintiff 'continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish'); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a 'herniated cervical disc [or] segmental cervical instability' and a 'herniated lumbar disc [or] segmental lumbosacral instability' and was a 'potential surgical candidate' and plaintiff stipulated that his damages did not exceed $50,000).
[38] R. Doc. 1-2, ¶ 8.
[39] Plaintiff's first visit to Dr. Isaza ten days after the accident, while unclear, appears to indicate she was still working (R. Doc. 1-3, p. 46). Her visit on October 21, 2020 clearly states she was working from home (R. Doc. 1-3, p. 52). Her last visit to Dr. Isaza on January 29, 2021 states she is working (R. Doc. 1-3, p. 54).
[40] See, *Brown v. Protective Ins. Co.*, No. 19-13710, 2020 WL 104299, at *4 (E.D. La. Jan. 9, 2020).
[41] *Id.*

7

controversy over $75,000, the Fifth Circuit has explained that '[a] 'could well' standard sounds more like a 'possibility' standard of proof, rather than a 'more likely or not' standard,' and is therefore an improper standard when assessing the amount in controversy.").[42]

Lastly, neither Plaintiff's failure to include a La. Code Civ. P art. 893 allegation in her Petition, nor the fact that Plaintiff "refused to admit that her claims did not exceed $75,000"[43] are sufficient to establish the amount in controversy. There is ample authority from this Court and others within this Circuit holding that while the failure to include an Article 893 allegation and/or a plaintiff's refusal to stipulate that their damages do not exceed the jurisdictional threshold are entitled to some consideration, they are not dispositive of the amount in controversy.[44]

Any doubt as the existence of subject matter jurisdiction is resolved in favor of remand.[45] The amount in controversy is not facially apparent from the Petition and the Removing Defendants have not met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[46] Accordingly, the undersigned

---

[42] *Id.*, citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).
[43] R. Doc. 1, ¶¶ 3-5; R. Doc. 1-5; R. Doc. 1-6. Additionally, Plaintiff's objection to the requests for admission regarding amount in controversy do not operate as admissions or denials.
[44] *See, e.g., Demoulin v. Labor Smart, Inc.,* No. 17-115, 2017 WL 2471057, at *3 (M.D. La. May 19, 2017) ("This Court has previously held that the 'absence of such a statement in the Petition may be considered in determining whether the amount in controversy is sufficient.' *Broussard v. Celebration Station Properties, Inc.*, 2014 WL 1402144, at *4 (M.D. La. Apr. 10, 2014); *Weber v. Stevenson*, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007) ("'[T]he court finds that the plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy.'"); *Ford v. State Farm Mut. Auto. Ins. Co.,* 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) ("[A]ll three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy."). *See also e.g.*, *Johnson v. Petsmart, Inc.,* 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').").
[45] *Gasch*, 491 F.3d at 281-82. *See also Manguno*, 276 F.3d at 723 ("[A]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").
[46] "Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount." *Medina v. Allstate Vehicle and Property Insurance Company,* 458 F. Supp. 3d 591, 601 (W.D. Tex. May 1, 2020).

recommends that this matter be remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[47]

### III. RECOMMENDATION

The documents submitted in support of removal do not establish that Crete Carrier Corporation and Hartford Insurance Company have met their burden to establish the Court's subject matter jurisdiction.

As doubts about the propriety of removal are resolved in favor of remand, it is the recommendation of the Magistrate Judge that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on November 22, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[47] Plaintiff's claims in this case assert violations of state law; therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.